GORDON BATTERY CO., Respondent, v. AMERICAN WATCHMAN'S TIME DETECTOR CO., Appellant. (Supreme Court, Appellate Term. October, 1901.) Action by the Gordon Battery Company against the American Watchman's Time Detector Company. From a judgment in favor of the plaintiff, the defendant appeals. Affirmed. Walter L. Bunnell, for appellant. Junius Pendleton Wilson, for respondent.

McADAM, P. J. The action was to recover the agreed price of certain batteries furnished to the defendant by the plaintiff, and the sole defense breach of warranty and damages. The batteries were not manufactured for the de-

fendant, but were on hand in stock and sold to it by the plaintiff, as goods ordinarily are. But, assuming that the goods were sold with warranty, their title thereto passed to the defendant, and it became liable, when sued therefor, to pay the contract price, less the amount of damages which the defendant sustained by reason of any breach of warranty. 1 Suth. Dam. § 170; Voorhees v. Earl, 2 Hill, 288, 38 Am. Dec. 588. The ordinary damages in such a case are the difference between the actual value of the article sold, with all its vices and defects, and that of an article. such as the article sold was warranted to be, at the time and place of sale. Story, Sales, § 454; Sedg. Dam. (6th Ed.) §§ 701, 702; Voorhees v. Earl, 2 Hill, 288, 38 Am. Dec. 588. Where the article is warranted fit for a particular purpose, the purchaser can recover the damages caused by an attempt to use it for that purpose. Sedg. Dam. (6th Ed.) § 766. There is neither allegation nor proof that the plaintiff knew that the defendant ordered the goods to complete a contract it had with another person, nor is there anything in the case which extends the measure of damages beyond the rules stated. We find no evidence which authorized the trial judge to deduct any sum from the contract price in this instance, under either of the two rules stated. The exceptions are without merit, and the judgment must be affirmed, with costs. Judgment affirmed, with costs. All concur.